JODI SIEGNER, Bar No. 102884
Email: jsiegner@deconsel.com
a member of
DeCARLO & SHANLEY,
a Professional Corporation
533 South Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone: (213) 488-4100
Telecopier: (213) 488-4180

Attorneys for Plaintiffs, Brent Beasley, Ernest Glasgow, Cliff Smith, Greg Banks, Trustees of the Union Roofers Supplemental Annuity Trust, Union Roofers Health & Welfare Fund, Union Roofers Vacation Fund, Union Roofers Administrative Fund, Union Roofers Joint Apprenticeship and Training Fund; Pacific Coast Roofers Pension Plan

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH, GREG BANKS, TRUSTEES OF THE UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND, UNION ROOFERS JOINT APPRENTICESHIP AND TRAINING FUND; PACIFIC COAST ROOFERS PENSION PLAN; <br><br> Plaintiffs, <br><br> v. <br><br> ALCALA COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS |

///

///

## CLAIM FOR RELIEF
## (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)
## JURISDICTION

1. This is a civil action to recover fringe benefit contributions, liquidated damages, attorneys fees and costs and also for specific performance to conduct an audit. This action arises and jurisdiction of the court is founded on section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185a, and sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and 1145.

PARTIES AND OTHERS

2. Plaintiffs BRENT BEASLEY, ERNEST GLASGOW, CLIFF SMITH and GREG BANKS are the Trustees of the UNION ROOFERS SUPPLEMENTAL ANNUITY TRUST, UNION ROOFERS HEALTH & WELFARE FUND, UNION ROOFERS VACATION FUND, UNION ROOFERS ADMINISTRATIVE FUND and the UNION ROOFERS APPRENTICESHIP AND TRAINING FUND.

3. The above-referenced Trust Funds are self administered by their Board of Trustees and have their offices in the County of Los Angeles, City of Downey. Venue is proper in this Court under Section 502(e)(2) of ERISA, (29 U.S.C. Section 1132(E)(2)).

4. PACIFIC COAST ROOFERS PENSION PLAN was and is a Regional defined benefit pension plan associated with the United Union of Roofers, Waterproofers and Allied Workers Locals 220 and 36. The Trust Funds referenced in Paragraph 2 above and PACIFIC COAST ROOFERS PENSION PLAN are collectively referred to as "TRUST FUNDS".

5. The TRUST FUNDS were created and now exist pursuant to Section 302(c) of the Labor Management Relations Act of 1947 as amended, 29 U.S.C. Section 186(c). The TRUST FUNDS are multi-employer plans as denied in ERISA

Section 3(37)(A) and as used in ERISA section 515 and 502(g)(2), as amended, 29 U.S.C. Section 1145, 1132(g)(2).

6.	At all relevant times, ALCALA COMPANY, INC., a California corporation; and DOES 1 through 10, inclusive, (collectively referred to as "EMPLOYER") was and is a California corporation engaged in the roofers, waterproofers and allied industry in Southern California.

7.	The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1 through 10, are unknown to TRUST FUNDS, who therefore sue the defendants by such fictitious names, and TRUST FUNDS will amend this complaint to show their true names and capacities when the same have been ascertained.

## OPERATIVE ALLEGATIONS

8.	At all relevant times, EMPLOYER was bound to a written Affirmation Agreement with the UNION. A true and correct copy of the Affirmation Agreement is attached as Exhibit "1".

9.	The United Union of Roofers, Waterproofers and Allied Workers Locals 220 and 36 ("UNION") is a labor organization that is a party to the collective bargaining agreement(s) involved.

10.	The Affirmation Agreement binds EMPLOYER to the Collective Bargaining Agreement by and between Individual Roofing Contractors and Other; and Local #36 and 220 of the United Union of Roofers, Waterproofers and Allied Workers and any amendments to the Collective Bargaining Agreement (collectively referred to as "AGREEMENTS").

11.	The AGREEMENTS require EMPLOYER to make the fringe benefit contributions to TRUST FUNDS in accordance with Article 11 of the Collective Bargaining Agreement based on hours worked or paid to persons performing roofing work for EMPLOYER. Said contributions were agreed to be due and payable on the 15th day of the calendar month following the month during which

1 the hours for which contributions are due were worked or paid.

2   12.   Under the terms of the AGREEMENTS , the Union Roofers Administrative Fund was assigned to collect and remit a portion of the fringe benefit contributions as a sub-agent of the PACIFIC COAST ROOFERS PENSION PLAN to the Union Roofers Contractors Association, to the Southern California Union Roofers Labor Management Trust and to Local Unions 36 and 220 for "dues check-off" contributions. TRUST FUNDS are authorized to sue for sums due to these other collectively bargained entities as part of fringe benefits due.

13.   The AGREEMENTS provide that each EMPLOYER shall pay the TRUST FUNDS as liquidated damages, the sum of ten percent (10%) of all amounts due or Ten Dollars ($10.00), whichever is greater.

14.   The AGREEMENTS further provide that each delinquent EMPLOYER shall, upon demand, pay to TRUST FUNDS interest on unpaid contributions and on delinquency charges and on liquidated damages, at the rate of seven percent (10%) per annum, from the first day of the month in which they are due until paid. engaged workers who performed services covered by the AGREEMENTS and who performed labor on works of construction within the jurisdiction of the AGREEMENTS undertake by EMPLOYER during the term of the AGREEMENTS.

15.   EMPLOYER has failed to pay the fringe benefit contributions in the manner prescribed by the AGREEMENTS. There is now due and owing to the TRUST FUNDS from EMPLOYER the amounts set forth in Exhibit "2".

16.   The AGREEMENTS require EMPLOYER to pay for the expense of auditing EMPLOYER's business records if an audit by the TRUST FUNDS indicates that EMPLOYER failed to report and pay all contributions.

17.   The PLANS have conducted an audit as set forth in Exhibit "3", which indicate that EMPLOYER failed to report and pay all contributions owed during this time period. A copy of the Audit Invoice (social security numbers redacted) dated August 24, 2016, is attached as Exhibit "3".

18. It has been necessary for PLAINTIFFS to engage counsel to bring this action to compel compliance with the AGREEMENTS, and to recover the attorneys' fees and the costs for which EMPLOYER is liable pursuant to the AGREEMENTS and Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132(g)(2).

19. As a result of the failure to pay fringe benefit contributions, EMPLOYER is liable for interest and liquidated damages as provided for in the AGREEMENTS.

20. TRUST FUNDS have complied with all conditions precedent.

21. EMPLOYER is delinquent in contributions in a further sum, the exact amount of which is unknown to PLAINTIFFS, and PLAINTIFFS will move to amend this complaint when the true amount of the fringe benefit contribution delinquency is determined.

22. TRUST FUNDS have, concurrently with the filing of this complaint, served a copy of the same upon the Secretary of Labor and Secretary of the Treasury.

WHEREFORE, PLAINTIFFS pray for judgment as follows:

### FOR PLAINTIFFS' CLAIM FOR RELIEF
### (DAMAGES FOR FAILURE TO PAY FRINGE BENEFIT CONTRIBUTIONS)

1. For contributions in the sum of $426,733.17;
2. For liquidated damages the sum of ten percent (10%), as provided in the AGREEMENTS;
3. For audit costs;
4. For interest, as provided in the AGREEMENTS, on the unpaid contributions and on delinquency charged and on liquidated damages, at the rate of seven per cent (10%) per annum, from the first of the month in which they are due until paid;
5. For reasonable attorneys' fees;
6. For costs of this action;

7. For further contributions according to proof; and

8. For such other and further relief as the court deems proper.

Dated: March 7, 2017

DeCARLO & SHANLEY,
a Professional Corporation

By: /s/ Jodi Siegner
JODI SIEGNER
Attorneys for Plaintiffs,
Brent Beasley, Ernest Glasgow, Cliff Smith, Greg Banks, Trustees of the Union Roofers Supplemental Annuity Trust, Union Roofers Health & Welfare Fund, Union Roofers Vacation Fund, Union Roofers Administrative Fund, Union Roofers Joint Apprenticeship and Training Fund; Pacific Coast Roofers Pension Plan